# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# SOUTHERN DIVISION

|  |  |
|---|---|
| Nanik Lahori, <br><br> Plaintiff, <br> v. <br><br> FMS Financial Solutions; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 8:12-cv-03312 <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Nanik Lahori, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Nanik Lahori ("Plaintiff"), is an adult individual residing in Chevy Chase, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, FMS Financial Solutions ("FMS"), is a Maryland business entity with an address of 9001 Edmonston Road, Suite 20, Greenbelt, Maryland 20770, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by FMS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. FMS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $604.80 (the "Debt") to Medical Weight Loss Center (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to FMS for collection, or FMS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. FMS Engages in Harassment and Abusive Tactics

12. Within the last year, FMS contacted Plaintiff in an attempt to collect the Debt.

13. FMS called Plaintiff at her place of employment and left a voice message stating that the call was an attempt to collect the Debt from Plaintiff.

14. Plaintiff's coworkers heard the massage.

15. Additionally, FMS called Plaintiff's workplace and spoke with Plaintiff's coworker. FMS disclosed information about the Debt to Plaintiff's coworker, causing a great deal of humiliation and distress to Plaintiff.

### C. Plaintiff Suffered Actual Damages

16.  The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.  As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

18.  The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.  The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

21.  The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.  The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23.  The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.  The Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**
**MD. CODE COMM. LAW § 14-201, et seq.**

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

27.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

28.     The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

29.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 13, 2012

Respectfully submitted,

By  */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF